Van Vorst, J.
In May, 1875, the plaintiff, who was then the husband of the defendant Lina Manly, took out two policies of insurance in the defendant company upon his own life, one for $10,000 and the other for $5,000. By these policies the defendant company agreed to insure the life of the plaintiff in the amount named, “ for the sole and separate *33 use and benefit of his wife, Lina Goldsmith, but in case of her previous death to revert to the insured.” The plaintiff paid with his own funds the sum necessary to meet the premiums on the policies, and continued such payments thereafter down to the time he obtained a decree of divorce dissolving the marriage bond, on account of the adultery of his wife. He has always held the policies in his possession. The plaintiff’s wife knew of these policies after they were issued.
The plaintiff brings this action to obtain a reformation of these policies. In his complaint he asks that they be reformed by inserting therein a provision to the effect “ that in case the said Lina Goldsmith should cease to be the wife of the plaintiff during his lifetime, and the marriage between her and the plaintiff should be dissolved by reason of her adultery, then and in such case the benefit of the policies should revert to the said plaintiff.”
The plaintiff alleges in his complaint that it was not his intention, in talcing out such policies, to contract with the defendant company that any loss which might accrue thereon should be paid to the said Lina Manly, unless she should be his wife at the time of his death, but that through the mutual mistake and inadvertence on his part and that of the company their common intention in that regard was not fully expressed.
Whatever may have been the intention of the plaintiff in this regard, it cannot avail him to effect his present purpose, unless it was stated to the company when the policies were agreed to be issued. An undisclosed intention is no intention in this connection. There is no claim of fraud. The ground upon which this relief is asked is that of a mistake. To justify a reformation the mistake must be mutual. The divorce from his wife cannot authorize or enable the court to change the conditions and terms of these policies, unless through a mutual mistake the intention of both parties have failed of expression. A mistake on one side is not enough. The applications of the plaintiff in writing, made to the company, *34 do not express any such intention. The evidence adduced upon the trial does not show that he disclosed to the agent of the company, at the time he made his application for the policies, the intention which he now alleges was then in his mind. His directions, he says, were “ general,” and the language was formulated by the agent.
As the plaintiff accepted these policies at the time they were issued, and has had them in his possession for many years without objection, they are presumed in law to express his intentions. If for any reason he believed them to be wrong, he should have declined to pay the premiums upon them year after year. Such voluntary payments are an adoption of the terms of the policies as issued.
JSTor is it at all probable that the idea that his wife, for whose benefit he was insuring his life, would, through a criminal act, forfeit all claims upon him as a husband was present to his mind. ■ If plaintiff had supposed that she might become so guilty it is not likely that he would have insured his life for her sole advantage.
The husband of a divorced wife can omit to pay the premiums on any insurance he may have taken for her benefit, and thus end his obligation under the policy. He cannot be obliged to keep it alive for one who has forfeited all claim upon him. He might thereafter regard it in the light of a wager policy. It is not necessary to determine the effect of the decree of divorce upon the rights 'of the divorced wife under the policies. A decree of divorce would not disturb vested rights or executed gifts and contracts. I do not say that these policies are in the category of such rights or interests.
All that it is now necessary to decide is that there is no such evidence of mutual mistake as will justify the court in changing the terms and conditions of these policies in the manner in which we are asked to do.
The construction of the contracts, and the rights of the parties thereunder, and the effect of the decree of divorce *35 upon those rights, will be determined when a claim is legally made under them at the time the insurance is payable.
For these reasons the plaintiff’s complaint must be dismissed.
As to the defendant, Lina Manly, the dismissal is without costs. As to the company, I will hear the counsel on the subject of costs.